# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 1, 2011

The Honorable Veronica Gonzales
Chair, Committee on Border and
    Intergovernmental Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0868

Re: Whether the expanded definition of "disability" under federal law affects a taxpayer's qualification for the real property tax freeze on existing homesteads under Texas law (RQ-0939-GA)

Dear Representative Gonzales:

You ask whether "the expansion of the definition of a disability" under the Americans with Disabilities Act Amendments Act of 2008 "also means that more Texas homeowners now qualify for property tax freezes on their principal homesteads and for any other property tax exemptions."[1]

Article VIII, section 1-b of the Texas Constitution allows certain local governing bodies to provide to "a person who is disabled" tax exemptions in various circumstances. Article VIII, section 1-b(h) provides that "the total amount of ad valorem taxes imposed on that homestead . . . may not be increased while it remains the residence homestead of that person or that person's spouse." TEX. CONST. art. VIII, § 1-b(h); *see also id.* art. VIII, § 1-b(d) (providing a similar exemption for taxes imposed for public school purposes); TEX. TAX CODE ANN. § 11.261 (West Supp. 2010) (implementing constitutional provision). Subsections (b) and (c) of that section of the Texas Constitution also allow the governing bodies of certain political subdivisions to provide a tax exemption to disabled persons. TEX. CONST. art. VIII, § 1-b(b), (c); *see also* TEX. TAX CODE ANN. § 11.13(d) (West 2008) (implementing constitutional provision).

You note that in 2008, Congress enacted amendments to the Americans with Disabilities Act ("ADA"), expanding the definition of "disability" and thereby increasing the number of individuals qualifying as disabled under that Act.[2] Request Letter at 1. This change to the federal ADA,

---

[1]Letter from Honorable Veronica Gonzales, Chair, House Committee on Border and Intergovernmental Affairs, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas at 2 (Jan. 4, 2010), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]Specifically, the amendments prohibit mitigating measures like medication, medical supplies, prosthetics and hearing aids, among others, from being used to determine whether an individual has a disability. ADA Amendments Act of 2008, § 4, 42 U.S.C.A. § 12102(4)(E)(i) (West Supp. 2009).

however, does not impact the definition of "disabled" for purposes of Texas Constitution article VIII, section 1-b and the statutes that implement it. The tax exemptions authorized by article VIII, section 1-b(b) are expressly available for "residence homesteads of persons . . . who are under a disability for purposes of payment of disability insurance benefits under Federal Old-Age, Survivors, and Disability Insurance," otherwise known as the Social Security Act ("SSA"). TEX. CONST. art. VIII, § 1-b(b). The tax freezes authorized in subsection 1-b(h) apply to "a person who is disabled," without reference to the SSA. *Id.* § 1-b(h). However, because "disabled" has, in the same section, already been described pursuant to the SSA, we construe the term in a conforming manner when used in subsequent subsections. *See Lewis v. Funderburk*, 253 S.W.3d 204, 207–08 (Tex. 2008) (explaining that when a word is defined in one subpart, the same meaning must be given in a different subpart of the same statute); *see also* Tex. Att'y Gen. Op. No. GA-0293 (2005) at 2 (citing *Booth v. Strippleman*, 61 Tex. 378 (Tex. 1884)) (explaining that construction of the constitution is generally governed by the same rules as those governing the interpretation of statutes).[3]

The SSA and ADA define "disability" in different terms. "Disability," under the SSA, means the "inability to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment." 42 U.S.C.A. § 423(d)(1)(A) (West Supp. 2009). For purposes of the tax freezes and exemptions authorized under article VIII, section 1-b of the Texas Constitution, "disabled individuals" are those persons that fall within this SSA definition and meet any other applicable requirements. Because the Texas Constitution and statutes have so defined the term "disabled" for purposes of who qualifies for a tax freeze or exemption under article VIII, section 1-b, the definition of "disabled" under the ADA is not relevant to the analysis.

---

[3]We also note that Tax Code section 11.261, which implements article VIII, section 1-b(h), provides that a political subdivision that has adopted a tax freeze under that constitutional provision may not increase ad valorem taxes on a homestead "in which the individual qualified that residence homestead for the exemption provided by Section 11.13(c) for a disabled individual." TEX. TAX CODE ANN. § 11.261(b) (West Supp. 2010). Section 11.13 defines "disabled" to mean "under a disability for purposes of payment of disability insurance benefits under Federal Old-Age, Survivors, and Disability Insurance." *Id.* § 11.13(m)(1) (West 2008).

## S U M M A R Y

The tax freezes and exemptions authorized by article VIII, section 1-b of the Texas Constitution are available for residence homesteads of persons who are under a disability for purposes of payment of disability insurance benefits under Federal Old-Age, Survivors, and Disability Insurance. Whether a person falls within the definition of "disability" under the Americans with Disabilities Act is not relevant to the analysis.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee